**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51054
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JAMES DEAN MILLER,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-224
USDC No. W-00-CR-126-ALL
---------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    James Dean Miller, Texas prisoner # 1051356, seeks a

certificate of appealability (COA) to appeal the denial of his 28

U.S.C. § 2255 motion.  He also moves for in forma pauperis (IFP)

status on appeal.  He argues that the district court erred in its

application of the procedural default rule.

    Miller's 28 U.S.C. § 2255 motion challenges the legality of

the search of his home based on exigent circumstances.  On direct

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal, Miller made no challenge to the trial court's determination that exigent circumstances justified the search, and, therefore, any such challenge was deemed waived. See United States v. Miller, No. 01-50542 (5th Cir. Feb. 1, 2002) (unpublished). Consequently, the district court erred insofar as it applied the bar based on its finding that the Fourth Amendment issue raised in his 28 U.S.C. § 2255 motion was identical to the one raised and rejected on direct appeal.

Miller's claim is nevertheless procedurally barred because he failed to raise the exigent circumstances issue on direct appeal. See United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). Miller has therefore waived the exigent-circumstances issue for a collateral attack on his conviction, unless he demonstrates cause for the default and prejudice as a result. See Id. Ineffective assistance of counsel can meet the cause and prejudice requirement for overcoming procedural default. Id.

Miller has raised for the first time in this court a claim that appellate counsel was ineffective and acted in contravention to Miller's instructions when counsel chose to attack the legality of the search on the consent-exception only. Miller was not afforded the opportunity to present a cause and prejudice argument in the district court because the district court invoked the procedural default rule sua sponte and without notice.

COA and IFP are therefore granted, the judgment is vacated, and the case is remanded to allow Miller an opportunity to present his cause and prejudice argument to the district court.

COA and IFP GRANTED; Judgment VACATED and Case REMANDED.